# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MISSOURI
## EASTERN DISTRICT

|  |  |
|---|---|
| AUDREY KEYSOR, CYLE QUICK, and LIV WYSOCKI *on behalf of herself and all other similarly situated*, | Case No.: |
| *Plaintiffs,* | |
| v. | |
| UNCLE JULIO'S CORPORATION and THE MEXICAN RESTAURANT, INC., D/B/A UNCLE JULIO'S MEXICAN FROM SCRATCH RESTAURANT GROUP, | CLASS ACTION<br>COLLECTIVE ACTION |
| Please Serve:<br>*The Mexican Restaurant Inc.*<br>*c/o CORPORATE CREATIONS NETWORK INC.*<br>*12747 Olive Blvd*<br>*Suite 300*<br>*Saint Louis, MO 63141* | |

## COMPLAINT

Audrey Keysor, Cyle Quick and Liv Wysocki ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through counsel, and for their complaint against Uncle Julio's Corp., and The Mexican Restaurant, Inc., D/B/A Uncle Julio's Mexican From Scratch Restaurant Group ("Uncle Julio's," "Defendant" or "Uncle Julio's Restaurant Group"), hereby states and alleges as follows.

## PRELIMINARY STATEMENT

1. Plaintiffs, on behalf of themselves and all others similarly situated, bring this action against Uncle Julio's Corporation and The Mexican Restaurant, Inc., D/B/A Uncle Julio's Mexican From Scratch Restaurants (collectively "Uncle Julio's Restaurants," "Uncle Julio's" or "Defendant") for unpaid minimum wage and overtime compensation and related penalties and damages.

2. Uncle Julio's Restaurants operates over 30 locations in 11 different states nationwide.

3. At all times relevant to this action, Uncle Julio's Restaurants shared common ownership and control. Accordingly, Uncle Julio's Restaurants adopted similar wage payment policies at each location throughout the country.

4. Defendant's policies and practices deny minimum wages and overtime pay to servers/bartenders working at its restaurants. Defendant's failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and state and common laws, as further set forth below.

5. Plaintiffs work and/or previously worked as servers/bartenders for Uncle Julio's Restaurants.

6. This lawsuit is a hybrid collective and class action action pursuant to 29 U.S.C. § 216(b) of the FLSA.

## JURISDICTION AND VENUE

7. This court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

8. This Court has supplemental subject matter jurisdiction over the state and common law claims as set forth below under 28 U.S.C. § 1367 because the claims arising under state law are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

9. This court has personal jurisdiction over the Defendants because Uncle Julio's Restaurants has been conducting business in St. Louis County, Missouri, and the Plaintiffs were employees working for Uncle Julio's Restaurants within this judicial district. The defendants can be served through The Mexican Restaurant's registered agent, CORPORATE CREATIONS NETWORK INC., 12747 Olive Blvd, Suite 300, Saint Louis, MO 63141.

10. Venue is proper in this court under 28 U.S.C. § 1391(b) since Uncle Julio's Restaurants conducts business and has substantial business contacts in St. Louis County, MO, and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Uncle Julio's Restaurants owns and/or operates multiple restaurants in this area.

**PARTIES**

1. Plaintiff Audrey Keysor is presently employed as a server/bartender at Uncle Julio's location in Frontenac, Missouri, and has been since October 2023.

2. Plaintiff Cyle Quick was employed as a server/bartender at Uncle Julio's location in Frontenac, Missouri, until June 10, 2023.

3. Plaintiff Liv Wysocki was employed as a server/bartender at Uncle Julio's location in Frontenac, Missouri, from approximately April 2021 until April 2023.

4. Defendant Uncle Julio's Corporation is a corporation organized and existing under the laws of the state of Texas with its principal place of business in Irving, Texas. Uncle Julio's Corporation paid the named Plaintiffs, but is not registered to do business in Missouri. On

3

information and belief, Uncle Julio's Corporation owns and operates The Mexican Restaurant, Inc. and all other entities doing business as "Uncle Julio's Mexican From Scratch Restaurant" across the country, and sets uniform policy and pay practices for all such restaurants. Uncle Julio's Corporation can be served in Missouri through the registered agent for The Mexican Restaurant, Inc., Corporate Creations Network Inc., at 12747 Olive Blvd., Suite 300, St. Louis, MO 63141.

5. Defendant The Mexican Restaurant Inc. is a corporation organized and existing under the laws of the state of Maryland with its principal office in Irving, Texas. At all times relevant to this action, The Mexican Restaurant Inc. has owned and operated Uncle Julio's Made From Scratch Restaurant in Frontenac, MO, where it employed the named Plaintiffs. It can be served through its registered agent, Corporate Creations Network, Inc. at 12747 Olive Blvd., Suite 300, St. Louis, MO 63141.

6. At all times relevant to this action, the restaurants comprising the Uncle Julio's Restaurant group were authorized to do business and continue to do business in the states of Colorado, Florida, Illinois, Maryland, Missouri, New Jersey, North Carolina, Oklahoma, Tennessee, Texas, Virginia, and Wisconsin.

7. At all times relevant to this action, Uncle Julio's Restaurant Group was the employer of the Plaintiffs and all other similarly situated employees and is thus liable to Plaintiffs and all others similarly situated as an employer, joint employer, single employer, and/or otherwise, according to statutory and common law.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

8. Plaintiffs bring Count I, the FLSA claim for servers/bartenders, as an opt-in collective action according to 29 U.S.C. § 216(b) on behalf of themselves and of the following class of persons:

4

All people employed as servers/bartenders by Uncle Julio's Restaurants within three years of the commencement of this action.

9. Plaintiffs bring their state and common law claims in Counts II-XIV as class actions according to Fed. R. Civ. P. 23. Plaintiffs, individually and on behalf of others similarly situated, seek relief on a class basis challenging Uncle Julio's Restaurant's practice of undercompensating Plaintiffs and others similarly situated. The Rule 23 classes under state law are defined as:

COLORADO CLASS

All Uncle Julio's servers employed by Defendant in the state of Colorado within five years of filing this action. Colo. Rev. Stat. 8-4-101 et. Seq.; Colorado Minimum Wage Order Number 32; 7 Colo. Code Regs. § 1103-1.

FLORIDA CLASS

All Uncle Julio's servers employed by Defendant in the state of Florida within five years of filing this action. Fla. Const. Art X Sec 24; Fla. Stat. Sec 448-110, Fla. Stat. § 448.109.

ILLINOIS CLASS

All Uncle Julio's servers employed by Defendant in the state of Illinois within two years of the filing of this action. 820 Ill. Comp. Stat. 105/4(a)(1).

MARYLAND CLASS

All Uncle Julio's servers employed by Defendant in the state of Maryland within two years of filing this action. Md. Code Ann., Lab. & Empl. § 3-413(c).

MISSOURI CLASS

All Uncle Julio's servers employed by Defendant in the state of Missouri within three years of filing this action. § 290.502, RSMo.

NEW JERSEY CLASS

All Uncle Julio's servers employed by Defendant in the state of New Jersey within three years of filing this action. N.J. Const. Art. I, ¶ 23; N.J.S.A. 34:11-56a4; N.J. Admin. Code § 12:56-3.1;

NORTH CAROLINA CLASS

All Uncle Julio's servers employed by Defendant in the state of North Carolina within two years of filing this action. N.C. Gen Stat. Sec 95-25, *et seq*.

OKLAHOMA CLASS

All Uncle Julio's servers employed by Defendant in the state of Oklahoma within two years of the filing of this action. Okla. Stat. tit. 40, §§ 197.2, 197.4, 197.5

TEXAS CLASS

All Uncle Julio's servers employed by Defendant in the state of Texas within two years of filing this action. Tex Lab. Code Ann. Sec 62.051, *et. seq.*

VIRGINIA CLASS

All Uncle Julio's servers employed by Defendant in the state of Virginia within three years of filing this action. Va. Code Ann. § 40.1-28.10.; Va. Code Ann § 40.1-28.8 *et seq*.

WISCONSIN CLASS

All Uncle Julio's servers employed by Defendant in the state of Wisconsin within three years of filing this action. Wis. Stat. § 104.035(1)(a); Wis. Admin. Code DWD § 272.03(1).

NATIONWIDE UNJUST ENRICHMENT CLASS

All Uncle Julio's servers employed by Defendant nationwide within three years of filing this action.

10. The class satisfies the numerosity standards because the class numbers well into the hundreds or thousands. As a result, the joinder of all class members in a single action is

impracticable. Class members may be informed of the pendency of this class action through direct and electronic mail and notices posted in the restaurant.

11. There are questions of fact and law common to the classes that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Uncle Julio's actions include, without limitation, the following:

a. Whether all class members were paid based on the "tip credit."

b. Whether Uncle Julio's properly notified all class members of its intent to take the tip credit;

c. Whether Uncle Julio's was entitled to take from class members' tips a credit against minimum wages for some or all of the hours worked by the class members.

d. Whether Uncle Julio's recorded the amount of time spent performing non-tip-producing activities.

e. Whether Uncle Julio's knew or had reason to know its policies and compensation practices were unlawful.

f. Whether Uncle Julio's retained benefits from such unlawful policies and compensation practices.

12. The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper, as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

13. The named Plaintiff's claims are typical of those of the class in that class members have been paid according to the same compensation structure as the named Plaintiffs and were subject to the same or similar unlawful practices as the named Plaintiffs.

14. A class action is an appropriate method for the fair and efficient adjudication of this

controversy. Uncle Julio's has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Uncle Julio's, and/or substantially impair or impede the ability of class members to protect their interests.

15. The named Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the class members they seek to represent. The interests of the class members will be fairly and adequately protected by the named Plaintiffs acting as class representatives and by their undersigned counsel, who has experience in employment and class action lawsuits.

16. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each class member who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interests of efficiency and judicial economy.

17. The FLSA claim may be pursued by those who opt in to this case, according to 29 U.S.C. § 216(b).

18. Plaintiffs, individually and on behalf of all other similarly situated employees, seek relief on a collective basis challenging Uncle Julio's FLSA violations. The number and identity of other plaintiffs yet to opt in and to consent to be party plaintiffs may be determined from the records of Unle Julio's, and potential class members may easily and quickly be notified of the pendency of this action.

8

19. To the extent required by law, notice will be provided to said individuals via first-class mail, email, and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## COUNT I
## Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

20. Plaintiffs realleges the allegations as set forth above.

21. At all times relevant to this action, the Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

22. The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

23. Uncle Julio's is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

24. At all times relevant to this action, Uncle Julio's has been and continues to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

25. At all times relevant to this action, Uncle Julio's has employed and/or continues to employ "employee[s]," including the Plaintiffs and all similarly situated employees.

26. At all times relevant to this action, Uncle Julio's has had gross operating revenue in excess of $500,000 (Five Hundred Thousand Dollars).

27. The Plaintiffs were employed by Uncle Julio's. During their employment, they served as servers/bartenders for the Defendant.

9

28. During the statutory period, Plaintiffs, and the putative collective and class members were paid an hourly wage of $6.15 or, in some cases, other rates below minimum wage to take a credit against tips received.

29. During their employment with Defendant during the statutory period, Defendant required Plaintiffs to engage non-tip-producing activities, such as rolling silverware, cleaning tables, and a variety of other side work for more than 20% of her time.

30. Before and during the Plaintiffs' employment, Uncle Julio's Restaurants employed numerous other servers/bartenders who had the same job duties and compensation structure as the Plaintiffs. Similar to Plaintiffs, those employees were also required to perform a significant amount of side work.

31. Plaintiffs and all similarly situated employees have substantially similar job requirements and pay provisions, and they are subject to Uncle Julio's common policy and practice of refusing to correctly pay minimum wages and overtime wages in violation of the FLSA.

32. The FLSA requires employers such as Uncle Julio's to pay all non-exempt employees overtime compensation, at a rate of not less than one-and-one-half times the minimum wage, for work performed over 40 hours in a workweek.

33. The Plaintiffs and all similarly situated employees are not exempt from the right to receive the federal minimum wage and overtime pay under the FLSA and from the requirement that their employer pay them minimum wage and/or overtime compensation under the FLSA.

34. At all times relevant to this action, Uncle Julio's had a policy and practice of failing to properly pay minimum wages because it has violated the rules for using the tip credit, including by requiring servers/bartenders to spend more than 20 percent of their time engaged in non-tip-producing activities. Uncle Julio's also had a policy of not paying for all overtime hours worked.

35. Additionally, for at least part of the statutory period, upon information and belief, Defendants failed to provide the proper notice, according to 29 C.F.R. § 531.59, to its employees paid under the tip credit that would permit them to take a credit against the Federal Minimum Wage requirements.

36. Uncle Julio's failure to properly compensate Plaintiffs and all others similarly situated under the tip credit rules and overtime rules constitutes a violation of the FLSA's minimum wage requirements, 29 U.S.C. §201, *et. seq.*

37. Unle Julio's violation of the FLSA is continual in that it continues to pay its servers/bartenders under the same unlawful policies and procedures that are outlined in detail herein.

38. Uncle Julio's conduct constitutes a willful violation of the FLSA, as defined in 29 U.S.C. § 255(a).

39. Uncle Julio's has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime described according to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the court find that the defendant did not act willfully in failing to pay overtime pay, the plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

40. As a result of the aforesaid violations of the FLSA's tip credit and overtime pay provisions, proper minimum wage and overtime compensation have been unlawfully withheld by Uncle Julio's from Plaintiffs and all similarly situated employees. Accordingly, the Plaintiffs and all others similarly situated seek damages in the amount of all respective unpaid minimum wage

11

and overtime, plus liquidated damages, prejudgment and post-judgment interest, and reasonable attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the court deems just and proper.

**WHEREFORE**, Plaintiffs and all similarly situated employees demand judgment against Uncle Julio's and pray this court:

  a. Issue notice to all similarly situated employees of Uncle Julio's informing them of their right to file a consent to join the FLSA portion of this action.

  b. Award Plaintiffs and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b).

  c. Award Plaintiffs and all similarly situated employees prejudgment and post-judgment interest as provided by law.

  d. Award Plaintiffs and all similarly situated employees attorneys' fees and costs as allowed by 29 U.S.C. § 216(b).

  e. Issue a declaration that Uncle Julio's has violated state and federal laws.

  f. Award Plaintiffs and all similarly situated employees such other relief as the court deems fair and equitable.

<u>**COUNT II-XVI**</u>
**Colo. Rev. Stat. 8-4-101 et. Seq.; Colorado Minimum Wage Order Number 32; 7 Colo. Code Regs. § 1103-1; Fla. Const. Art X Sec 24; Fla. Stat. Sec 448-110, Fla. Stat. § 448.109; 820 Ill. Comp. Stat. 105/4(a)(1); Md. Code Ann., Lab. & Empl. § 3-413(c); § 290.502, RSMo; N.J. Const. Art. I, ¶ 23; N.J.S.A. 34:11-56a4; N.J. Admin. Code § 12:56-3.1; N.C. Gen Stat. Sec 95-25, *et seq*.; Okla. Stat. tit. 40, §§ 197.2, 197.4, 197.5; Tex Lab. Code Ann. Sec 62.051, *et. seq*; Va. Code Ann. § 40.1-28.10.; Va. Code Ann § 40.1-28.8 *et seq*; Wis. Stat. § 104.035(1)(a); Wis. Admin. Code DWD § 272.03(1) ("State Wage Laws")**

  41. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

42. The Plaintiffs and the putative class were employed by the Defendant and were paid wages below the minimum wage pursuant to the state laws of Colorado, Florida, Illinois, Maryland, Missouri, New Jersey, North Carolina, Oklahoma, Tennessee, Texas, Virgina and Wisconsin .

43. Said work often required the Plaintiffs and the putative class to work more than forty (40) hours per week.

44. The plaintiffs and the putative class were not properly compensated for this work at the applicable rate of pay.

45. The Plaintiffs and the putative class were treated as non-exempt employees by the Defendant.

46. Defendant employs/employed other employees at its restaurants who are/were paid below the minimum wage requirements and were treated as non-exempt employees under the wage statutes in Colorado, Florida, Illinois, Maryland, Missouri, New Jersey, North Carolina, Oklahoma, Tennessee, Texas, Virgina and Wisconsin. All such employees are hereby referred to as "similarly situated" employees, or "putative class members."

47. These "similarly situated" employees were compensated at a tip credit rate, regardless of activity and regardless of the fact they regularly spent more than 20 percent of their time performing non-tip-producing activities.

48. During the pertinent time periods, the proper rate of pay under the pertinent state law exceeded the state's tip credit rate.

49. Said work often required "similarly situated" employees to work in excess of forty (40) hours per week, and these employees were not properly compensated for this work at the applicable rate of pay.

50. The state wage laws in Colorado, Florida, Illinois, Maryland, Missouri, New Jersey, North Carolina, Oklahoma, Tennessee, Texas, Virginia and Wisconsin require each covered employer, such as Defendant, to compensate all non-exempt employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

51. These employees are similarly situated in that they are all subject to Defendant's identical compensation policies and plan, which fail to compensate them full minimum wage for the time, including the time they spend engaged in non-tip-producing activities that exceed 20 percent of their work.

52. These employees are also similarly situated in that they are all subject to Defendant's identical compensation policies and plan, which requires them to pool their tips with non-tip-earning employees.

53. This Complaint is brought and maintained as a class action for all state law claims asserted by the Plaintiffs because their claims are similar to the claims of the putative class members.

54. The names and addresses of the putative class members are available from the Defendant. Defendant failed to compensate the Plaintiffs and the putative class members at the proper rate of pay, and therefore, Defendant has violated and continues to violate the State Wage Laws.

55. The Plaintiffs, on behalf of themselves and all similarly situated employees of Defendant who compose the putative class, seek damages in the amount of all respective unpaid minimum wages and straight time plus overtime compensation at a rate of one and one-half times the proper, and legal rate of pay for work performed in excess of forty hours in a work week, plus

liquidated damages, as provided by the state wage laws in Florida, Illinois, Maryland, Missouri, New Jersey, North Carolina, Oklahoma, Tennessee, Texas, Virgina and Wisconsin.

56.  The Plaintiffs seek back wages under state law and such other legal and equitable relief as the Court deems just and proper.

57.  The Plaintiffs, on behalf of themselves and all similarly situated employees of Defendant who compose the putative class, seek recovery of all attorney fees, costs, and expenses of this action to be paid by Defendant.

**WHEREFORE**, The Plaintiffs, on behalf of themselves and all proposed class members, prays for relief as follows:

a.  Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

b.  Designation of the Plaintiffs as Representative Plaintiffs, acting for and on behalf of the putative class members;

c.  A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d.  An award of damages of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiffs and the putative class by the Defendant;

f.  Costs and expenses of this action incurred herein;

g.  Reasonable attorneys' fees and expert fees;

    h.      Pre-Judgment and Post-Judgment interest, as provided by law; and

    i.      Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT XV
## QUANTUM MERUIT/UNJUST ENRICHMENT

1. Plaintiffs realleges the allegations as set forth above.

2. Uncle Julio's Restaurants has been and is being enriched by making deficient payments for work performed by the Plaintiffs and other similarly situated employees. Uncle Julio's Restaurants has been and is being enriched at the expense of Plaintiffs and other similarly situated employees because the Plaintiffs and others were not properly compensated for their work.

3. Uncle Julio's Restaurants intentionally refused to pay the Plaintiffs and other similarly situated employees at the proper rate for all hours worked. Uncle Julio's Restaurants knows or should know the proper rate of pay for the Plaintiffs and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Uncle Julio's Restaurants.

4. It is unjust for Uncle Julio's Restaurants to retain the benefits from the unpaid work performed by the Plaintiffs and other similarly situated employees.

**WHEREFORE**, the Plaintiffs, on behalf of themselves and all proposed class members, pray for relief as follows:

    a.      Designate this action as an action on behalf of the proposed putative class members and promptly issue notice to all putative class members (the Unjust Enrichment class) to apprise them of its pendency.

    b.      Designation of the named Plaintiffs, acting for and on behalf of the putative class members.

    c.       A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same.

    d.       An award of restitution of the full amount of the wage rate, less the amounts actually paid to Plaintiffs and the putative class by Defendants.

    h.       Prejudgment and post-judgment interest, as provided by law.

    i.       Any and all such other and further relief as this court deems necessary, just, and proper.

Respectfully submitted,

HKM EMPLOYMENT ATTORNEYS LLP

/s/ *John J. Ziegelmeyer III*

| | |
|---|---|
| John J. Ziegelmeyer III | MO No. 59042 |
| Brad K. Thoenen | MO No. 59778 |

1501 Westport Road
Kansas City, MO 64111
Tel: 816.875.3332
jziegelmeyer@hkm.com
bthoenen@hkm.com
www.hkm.com

**The Hodgson Law Firm, LLC**

By:  /s/ Michael Hodgson
Michael Hodgson   MO Bar No. 63677

3609 SW Pryor Road
Lee's Summit, MO 64082
Tel: 816.600-0117
Fax: 816.600-0137
mike@thehodgsonlawfirm.com

ATTORNEYS FOR PLAINTIFF